# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-254

MACRO COMPANIES, INC.

VERSUS

DEARYBURY OIL & GAS, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20184283
HONORABLE JULES D. EDWARDS III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

REVERSED AND REMANDED.

Thomas J. Bernard
David C. Eppling
Staines, Eppling & Kenney
3500 N. Causeway, Suite 820
Metairie, LA 70002
(504) 838-0019
COUNSEL FOR DEFENDANTS-APPELLEES
    Florida Marine Transporters, LLC

**Robert D. Felder**
**Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards, LLP**
**810 S. Buchanan Street**
**Lafayette, LA 70501**
**(337) 237-1660**
**COUNSEL FOR PLAINTIFF/APPELLANT**
       **Macro Companies, Inc.**

**PICKETT, Judge.**

The plaintiff filed suit asserting claims for breach of contract and detrimental reliance against three defendants to recover a commission it claims to be owed. One of the defendants asserted a claim for detrimental reliance against the plaintiff, which the trial court dismissed pursuant to plaintiff's motion for summary judgment. The defendant appeals that judgment.

## FACTS

On September 20, 2017, Hurricane Maria made landfall on Puerto Rico. The storm left the area in desperate need of fuel for emergency services. The Federal Emergency Management Agency (FEMA) contacted Macro Companies, Inc. (Macro), to supply five million gallons of fuel. Pursuant to FEMA's need, Macro sought to purchase fuel, sell it to FEMA, and arrange for its transportation to Puerto Rico. In an effort to provide the fuel services, Macro contacted Kenneth R. Pullen at Florida Marine Transporters, LLC (FMT) for assistance in purchasing and transporting the fuel. Mr. Pullen identified Dearybury Oil & Gas, Inc. (Dearybury) as a source for Macro's fuel purchase.

Macro was already working with FEMA setting up a diesel fuel distribution plan on Puerto Rico to supply hospitals, nursing homes, and water plants. Shortly after it initiated negotiations with FMT and Dearybury to purchase and transport fuel, Macro decided it was not in its best interest to proceed with FEMA's request. Macro did not, however, walk away from the negotiations. Instead, Macro and Dearybury agreed Dearybury would sell fuel directly to FEMA, and it would pay Macro a five-cent commission on the sale. Before deciding not to contract with FEMA, Macro also negotiated with FMT to transport frac tanks to Puerto Rico to implement the distribution of the fuel at different ports on the island.

Macro filed suit against Dearybury, FMT, and Mr. Pullen, asserting breach of contract and detrimental reliance claims to recover the commission it negotiated with Dearybury. FMT answered the suit and asserted a counterclaim against Macro to recover monies it allegedly incurred preparing for Macro's anticipated contract with FEMA.[1]

In April 2019, Macro filed a motion for summary judgment, seeking to have some of FMT's claims against it dismissed. The trial court granted the motion, and FMT appealed the trial court's judgment. Another panel of this court determined it did not have jurisdiction to consider the appeal because the judgment did not dismiss any of FMT's claims. Thereafter, the defendants filed motions for summary judgment, citing FEMA's contingent fee prohibition in the contract and seeking to have Macro's claims dismissed. Macro filed another motion for summary judgment, seeking to have FMT's claims against it dismissed.

After a hearing, the trial court granted the motions for summary judgment and dismissed all the parties' claims. Macro and FMT appealed.[2]

**ASSIGNMENTS OF ERROR**

FMT assigns the following errors with the trial court's judgment granting Macro's motion dismissing FMT's claim for detrimental reliance:

1. The [trial court] erred in granting in part Macro's first [motion for summary judgment] when it failed to find genuine issues of fact regarding representations or promises made by Macro to Florida Marine before a midday phone call on September 30, 2017;

---

[1] After suit was filed, FMT filed a motion to remove the suit to federal court. The motion was denied, and the matter was remanded to the trial court. Thereafter, FMT filed its answer.

[2] Macro's appeal of the trial court's dismissal of its claims against Dearybury, FMT, and Mr. Pullen is addressed in *Macro Companies., Inc. v. Dearybury Oil & Gas, Inc., et al*, 20-174 (La.App. 3 Cir. 2/ /21), ___ So.3d ___.

2. The [trial court] erred in granting in part Macro's first [motion for summary judgment] when it failed to find that Macro's conduct in negotiations with Florida Marine constituted "representations" or "promises;"

3. The [trial court] erred in considering Macro's second [motion for summary judgment] despite Macro's failure to comply with the filing and service requirements of La. Code Civ. Proc. arts. 966(B)(1) and 1313(C);

4. The [trial court] erred in granting Macro's second [motion for summary judgment] when it found that Florida Marine's desire for a written agreement precluded its claim for detrimental reliance;

5. The [trial court] erred in granting Macro's second [motion for summary judgment] when it failed to find genuine issues of fact regarding representations made by Macro to Florida Marine after a midday phone call on September 30, 2017.

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). It is favored and must be construed to accomplish this purpose. *Id*. Summary judgment should be granted, if the parties have had the opportunity to conduct "adequate discovery" and the evidence shows there is "no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The mover has the burden of proof. La.Code Civ.P. art. 966(D)(1). When, as here, the adverse party will have the burden of proof at trial, the mover must show that an essential element to the adverse party's claim is lacking. *Id*. The adverse party must then "produce factual support sufficient to establish" that a genuine issue of material facts exists or "that the mover is not entitled to judgment

3

as a matter of law." *Id.* The allegations or denials in the adverse party's pleading will not defeat the motion. La.Code Civ.P. art. 967(B).

"When summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statute at issue." *Milbert v. Answering Bureau, Inc.*, 13-22, p. 8 (La. 6/28/13), 120 So.3d 678, 684. Pursuant to the rules of statutory interpretation, "we are bound to a strict interpretation of the plain language of the statutory provisions which are before us." *Id.*

### Was the Trial Court's Dismissal of FMT's Claims against Macro Error?

FMT argues the trial court erred in dismissing its claims for damages against Macro on the basis of detrimental reliance. Macro asserts the trial court properly determined that because FMT did not establish Macro represented to it that Macro would use FMT's offshore vessels and FMT wanted its agreement with Macro reduced to writing, the theory of detrimental reliance does not apply to its claims.

Louisiana Civil Code Article 1967 provides, in part:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

In *Landry v. Usie*, 19-40, p. 10 (La.App. 3 Cir. 12/30/19), 286 So.3d 571, 578 (quoting *Luther v. IOM Co., LLC*, 13-353, pp. 10-11 (La. 10/15/13), 130 So.3d 817, 825)(citations omitted)(emphasis added), this court outlined the tenets of detrimental reliance, explaining:

4

The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position *contrary to his prior acts, admissions, representations, or silence*. To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. Estoppels are not favored in our law; therefore, a party cannot avail himself of that doctrine if he fails to prove all essential elements of the plea.

The second circuit further discussed the significance of detrimental reliance in *Benton v. Clay*, 48,245, p. 15 (La.App. 2 Cir. 8/7/13), 123 So.3d 212, 223 (emphasis added), stating:

> [D]etrimental reliance is not based upon the intent to be bound. Rather, the basis of detrimental reliance is the idea that a person should not harm another person by making promises that he will not keep. Thus, *the focus of analysis of a detrimental reliance claim is* not whether the parties intended to perform, but, instead, *whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment.*

FMT points to communications between its employee Kenneth Pullen, Macro's employee Clyde Guilbeau, and Macro's vice-president, in support of its claim. On September 29, 2017, communications between Mr. Pullen and Mr. Guilbeau show that Mr. Pullen provided Macro proposals to transport frac tanks to Puerto Rico and informed Mr. Guilbeau that it had started modifications on a ramp for the supply boat that would be used to transport the frac tanks. In an email on the morning of September 30, 2017, Mr. Pullen asked Mr. Guilbeau to inform him ASAP regarding the supply boat because he could not start "chopping up the boat without confirmation." Later that morning, Mr. Guilbeau responded that FEMA did not like the price for delivering only fourteen frac tanks. Mr. Pullen averred in his affidavit that Macro's vice-president thereafter informed him at midday on

5

September 30, 2017, that Macro would contract with FMT if it "could fit sixteen frac tanks on a supply boat."

These communications show a genuine issue of material fact exists as to whether: (1) Macro made representations to FMT that it would contract with FMT to transport frac tanks to Puerto Rico; (2) FMT reasonably relied upon such representations; and (3) FMT incurred expenses based on those representations.

Macro also urges that because FMT wanted its agreement with Macro reduced to writing, FMT's claim lacks merit because no written agreement was confected. FMT asserts that based on Mr. Pullen's discussions with Macro and the exigent circumstances, it began preparations to fulfill Macro's requests. The evidence shows that, on September 30, 2017, Mr. Guilbeau acknowledged FMT wanted a written proposal but, nonetheless, reiterated the urgency in getting things ready to make the necessary shipments to Puerto Rico. For these reasons, we find FMT's allegations fall within the parameters of La.Civ.Code art. 1967 and that the evidence shows genuine issues of material fact exist as to whether or not Macro's discussions with FMT amounted to representations that Macro would use FMT's supply boat and frac tanks and whether or not FMT required a written agreement with Macro before performing the requested work. Therefore, the trial court erred in granting Macro's motion for summary judgment against FMT.

## CONCLUSION

The trial court's judgment dismissing Florida Marine Transporters, LLC's claims for detrimental reliance against Macro Companies, Inc. is reversed, and the matter is remanded to the trial court for further proceedings. All costs associated with this appeal are assessed against Macro Companies, Inc.

**REVERSED AND REMANDED.**